ROBBINS GELLER RUDMAN
  & DOWD LLP
DARREN J. ROBBINS (168593)
TRICIA L. MCCORMICK (199239)
650 West Broadway, Suite 1900
San Diego, CA 92101
Telephone: 619/231-1058
619/231-7423 (fax)
darrenr@rgrdlaw.com
triciam@rgrdlaw.com

[Proposed] Lead Counsel for Plaintiff

[Additional counsel appear on signature page.]

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

WESTERN DIVISION

| | |
|---|---|
| CHARLES PADDOCK, Individually and on Behalf of All Others Similarly Situated,<br><br>                Plaintiff,<br><br>vs.<br><br>DREAMWORKS ANIMATION SKG, INC., et al.,<br><br>                Defendants. | Case No. 2:14-cv-06053-SJO-E<br><br><u>CLASS ACTION</u><br><br>MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF ROOFERS LOCAL NO. 149 PENSION FUND'S MOTION FOR CONSOLIDATION OF RELATED ACTIONS, APPOINTMENT AS LEAD PLAINTIFF AND APPROVAL OF SELECTION OF COUNSEL<br><br>DATE:    November 3, 2014<br>TIME:    10:00 a.m.<br>CTRM:   1, 2nd Floor<br>JUDGE:  Hon. S. James Otero |

973286_1

# TABLE OF CONTENTS

Page

I. PRELIMINARY STATEMENT ................................................................... 1

II. STATEMENT OF FACTS ............................................................................ 2

III. ARGUMENT ................................................................................................. 3

    A. Consolidation of the Related Actions Will Promote Efficiency ........... 3

    B. The PSLRA Requires that the Question of Consolidation Be Decided Prior to the Determination of the Appointment of Lead Plaintiff .................................................................................................. 4

    C. The Roofers Fund Is the "Most Adequate Plaintiff" and Should Be Appointed Lead Plaintiff ................................................................. 5

        1. The PSLRA's Lead Plaintiff Provisions .................................... 5

        2. The Roofers Fund Satisfies the "Lead Plaintiff" Requirements of the Exchange Act ............................................. 6

            a. The Roofers Fund's Motion Is Timely ............................. 6

            b. The Roofers Fund Has the Largest Financial Interest in the Relief Sought by the Class ........................ 6

            c. The Roofers Fund Satisfies Federal Rule of Civil Procedure Rule 23 ............................................................. 6

    D. The Court Should Approve the Roofers Fund's Selection of Counsel ................................................................................................... 9

IV. CONCLUSION ........................................................................................... 10

# TABLE OF AUTHORITIES

**Page**

**CASES**

*Apple v. LJ Int'l, Inc.*,
  No. CV 07-6076-GAF 2008 U.S. Dist. LEXIS 12618
  (C.D. Cal. Feb. 8, 2008) ....................................................................................... 7

*Borochoff v. Glaxosmithkline PLC*,
  246 F.R.D. 201 (S.D.N.Y. 2007) ......................................................................... 9

*Cortese v. Radian Group, Inc.*,
  No. 07-3375, 2008 U.S. Dist. LEXIS 6958
  (E.D. Pa. Jan. 30, 2008) ....................................................................................... 9

*Ferrari v. Gisch*,
  225 F.R.D. 599 (C.D. Cal. 2004) ........................................................................ 8

*In re Cardinal Health, Inc. Sec. Litig.*,
  226 F.R.D. 298 (S.D. Ohio 2005) ....................................................................... 9

*In re Cavanaugh*,
  306 F.3d 726 (9th Cir. 2002) ...................................................................... 1, 2, 7

*In re Enron Corp., Sec. Litig.*,
  206 F.R.D. 427 (S.D. Tex. 2002) ........................................................................ 9

*In re Equity Funding Corp. of Am. Sec. Litig.*,
  416 F. Supp. 161 (C.D. Cal. 1976) ..................................................................... 3

*Investors Research Co. v. United States Dist. Court for Cent. Dist.*,
  877 F.2d 777 (9th Cir. 1989) ............................................................................... 3

*Schriver v. Impac Mortg. Holdings, Inc.*,
  No. SACV 06-31-CJC 2006 U.S. Dist. LEXIS 40607
  (C.D. Cal. May 1, 2006) ...................................................................................... 9

*Steiner v. Aurora Foods Inc.*,
  No. C 00-602 CW, 2000 U.S. Dist. LEXIS 20341
  (N.D. Cal. June 5, 2000) ...................................................................................... 4

*Sw. Marine, Inc. v. Triple a Machine Shop, Inc.*,
  720 F. Supp. 805 (N.D. Cal. 1989) ..................................................................... 3

- ii -
973286_1

| | |
|---|---|
| 1 | |
| 2 | **Page** |

*Takeda v. Turbodyne Techs., Inc.*,
   67 F. Supp. 2d 1129 (C.D. Cal. 1999) ................................................................. 7

**STATUTES, RULES AND REGULATIONS**

15 U.S.C.
   §78j(b) ................................................................................................................. 1
   §78t(a) ................................................................................................................. 1
   §78u-4(a)(1) ........................................................................................................ 5
   §78u-4(a)(3)(A)(i) ............................................................................................... 5
   §78u-4(a)(3)(B)(i) ............................................................................................... 5
   §§78u-4(a)(3)(A) ................................................................................................. 5
   §78u-4(a)(3)(B) ........................................................................................... 1, 5, 6
   §78u-4(a)(3)(B)(ii) .......................................................................................... 1, 4
   §78u-4(a)(3)(B)(iii) ............................................................................................. 6
   §78u-4(a)(3)(B)(iii)(I) ......................................................................................... 6
   §78u-4(a)(3)(B)(iii)(II)(aa) .................................................................................. 9
   §78u-4(a)(3)(B)(v) ............................................................................................... 9

17 C.F.R.
   §240.10b-5 .......................................................................................................... 1

Federal Rules of Civil Procedure
   Rule 23 ............................................................................................................ 1, 6
   Rule 23(a) ........................................................................................................ 6, 7
   Rule 23(a)(3) ....................................................................................................... 7
   Rule 23(a)(4) ....................................................................................................... 8
   Rule 42(a) .................................................................................................. 1, 3, 4

**SECONDARY AUTHORITIES**

7 Herbert B. Newberg & Alba Conte, *Newberg on Class Actions* §22.24
   (4th ed. 2002) ..................................................................................................... 8

973286_1

## I. PRELIMINARY STATEMENT

Presently pending in this District are two securities class action lawsuits (the "Related Actions"), brought on behalf of all those who purchased or otherwise acquired the securities of DreamWorks Animation SKG, Inc. ("DreamWorks" or the "Company") between October 29, 2013 and July 29, 2014 (the "Class Period"): (1) *Paddock v. DreamWorks Animation SKG, Inc.*, No. 2:14-cv-06053-SJO-E (filed August 1, 2014); and (2) *Brian Roffe 401K Plan 002 UAD 01/01/2012 v. DreamWorks Animation SKG, Inc.*, No. 2:14-cv-06201-SJO-E (filed August 7, 2014).

Roofers Local No. 149 Pension Fund (the "Roofers Fund") now submits this memorandum of law in support of its motion for an order: (i) consolidating the Related Actions pursuant to Rule 42(a) of the Federal Rules of Civil Procedure; (ii) appointing the Roofers Fund as lead plaintiff; and (iii) approving the Roofers Fund's selection of Robbins Geller Rudman & Dowd LLP ("Robbins Geller") as lead counsel for the class. 15 U.S.C. §78u-4(a)(3)(B).

The Related Actions are brought pursuant to §§10(b) and 20(a) of the Securities Exchange Act of 1934 (the "Exchange Act"), Securities and Exchange Commission ("SEC") Rule 10b-5 promulgated thereunder, 17 C.F.R. §240.10b-5. Pursuant to the PSLRA, the Court must decide whether to consolidate the Related Actions prior to selecting a plaintiff to lead this litigation on behalf of the putative class. *See* 15 U.S.C. §78u-4(a)(3)(B)(ii). As discussed below, the Related Actions should be consolidated pursuant to Rule 42(a) because they each involve similar issues of law and fact.

This Motion is made on the grounds that the Roofers Fund is the "most adequate plaintiff" as defined by the PSLRA. *See generally In re Cavanaugh*, 306 F.3d 726 (9th Cir. 2002). The Roofers Fund suffered losses of approximately $63,520 during the Class Period and otherwise satisfies the requirements of Rule 23 of the

- 1 -

973286_1

Federal Rules of Civil Procedure. *See id.* at 729; McCormick Decl., Ex. C.[1] Finally, the Roofers Fund has selected counsel with the experience necessary to vigorously and efficiently prosecute this litigation on behalf of the class. *See* McCormick Decl., Ex. D.

## II. STATEMENT OF FACTS

DreamWorks creates entertainment, including CG animated feature films, television specials and series, and live entertainment properties, for audiences around the world. The complaints allege that defendants issued materially false and misleading statements during the Class Period about the Company's business, operations, prospects and performance. Specifically, defendants failed to disclose that DreamWorks improperly accounted for its animated film, *Turbo*, prior to recording a $13.5 million impairment charge, improperly accounted for the impairment charge related to the *Turbo* movie, and lacked adequate internal control over financial reporting.

The complaints allege that following its commercially successful release of the movie *The Croods* in March 2013, DreamWorks released *Turbo*, an animated film about a snail whose dream to become the fastest snail in the world comes true. In North America, on its opening day, Turbo earned $5.8 million in 3,552 theaters, the third lowest all-time opening for a DreamWorks computer-animated film, and when adjusted for inflation and 3D prices, the smallest opening weekend audience ever for a DreamWorks picture. *Turbo* ultimately grossed $83 million in North America and $199 million in other countries, for a worldwide total of $282 million. The film cost $127 million to produce, but because DreamWorks spent between $150 million and $175 million to market it, the film had one of the lowest gross revenues in DreamWorks' history.

---

[1] References to the "McCormick Decl." are to the exhibits attached to the Declaration of Tricia L. McCormick in Support of Roofers Local No. 149 Pension Fund's Motion for Consolidation of Related Actions, Appointment as Lead Plaintiff and Approval of Selection of Counsel, submitted concurrently herewith.

On February 26, 2014, the Company filed its Annual Report on Form 10-K with the SEC in which it admitted that *Turbo* had not "recovered [its] production costs" and that due to *Turbo*'s poor performance the Company had "recorded an impairment charge totaling $13.5 million." On July 29, 2014, during a conference call with analysts, DreamWorks revealed that the Company was under investigation by the SEC for the $13.5 million impairment charge the studio took in relation to the poor performance of the *Turbo* movie. The Company indicated that it was cooperating with the SEC, but would not elaborate on the scope or extent of the investigation. On this news, shares in DreamWorks fell $2.68 per share, or almost 12%, on extremely heavy trading volume, to close at $19.98 per share on July 30, 2014.

**III.  ARGUMENT**

    **A.  Consolidation of the Related Actions Will Promote Efficiency**

Consolidation pursuant to Rule 42(a) is proper when actions involve common questions of law and fact. *Sw. Marine, Inc. v. Triple a Machine Shop, Inc.*, 720 F. Supp. 805, 806 (N.D. Cal. 1989). This Court has broad discretion under Rule 42(a) to consolidate cases pending within this District. *Investors Research Co. v. United States Dist. Court for Cent. Dist.*, 877 F.2d 777 (9th Cir. 1989).

Courts have recognized that class action shareholder suits are particularly well suited to consolidation pursuant to Rule 42(a) because unification expedites pretrial proceedings, reduces case duplication, avoids the need to contact parties and witnesses for multiple proceedings and minimizes the expenditure of time and money for all parties involved. *See In re Equity Funding Corp. of Am. Sec. Litig.*, 416 F. Supp. 161, 176 (C.D. Cal. 1976). Consolidating multi-shareholder class action suits simplifies pretrial and discovery motions, class action issues and clerical and administrative management duties. Consolidation also reduces the confusion and delay that may result from prosecuting related class action cases separately. *See id*.

- 3 -

The Related Actions pending before this Court present virtually identical factual and legal issues, alleging substantially the same violations of the Exchange Act against similar defendants. Because these Related Actions are based on the same facts and subject matter, relevant discovery will pertain to all lawsuits. Thus, consolidation is appropriate here.

### B. The PSLRA Requires that the Question of Consolidation Be Decided Prior to the Determination of the Appointment of Lead Plaintiff

The PSLRA provides, among other things, for consolidation of substantially similar actions. The PSLRA states, in pertinent part:

> If more than one action on behalf of a class asserting substantially the same claim or claims arising under this chapter has been filed, and any party has sought to consolidate those actions for pretrial purposes or for trial, the court shall not make the determination [of appointment of lead plaintiff under §21D(a)(3)(B)] . . . until after the decision on the motion to consolidate is rendered.

15 U.S.C. §78u-4(a)(3)(B)(ii).

Thus, the PSLRA establishes a two-step process for resolving lead plaintiff and consolidation issues where more than one action on behalf of a class asserting substantially the same claims has been filed. The court "shall" first decide the consolidation issue. The court shall then decide the lead plaintiff issue "[a]s soon as practicable." *Id*.

The Roofers Fund respectfully requests that the Court consider consolidation as soon as practicable and consolidate these Related Actions under the lowest case number. A prompt determination is reasonable and warranted under Rule 42(a), given the common questions of fact and law presented by the Related Actions now pending in this District. *See, e.g.*, *Steiner v. Aurora Foods Inc.*, No. C 00-602 CW, 2000 U.S. Dist. LEXIS 20341, at *7 (N.D. Cal. June 5, 2000).

- 4 -

973286_1

### C. The Roofers Fund Is the "Most Adequate Plaintiff" and Should Be Appointed Lead Plaintiff

#### 1. The PSLRA's Lead Plaintiff Provisions

The PSLRA governs the appointment of a lead plaintiff in "each private action arising under [the Exchange Act] that is brought as a plaintiff class action pursuant to the Federal Rules of Civil Procedure." 15 U.S.C. §§78u-4(a)(1) and (a)(3)(B)(i). First, the plaintiff who files the initial action must publish a notice to the class, within 20 days of filing the action, informing class members of their right to file a motion for appointment as lead plaintiff. 15 U.S.C. §78u-4(a)(3)(A)(i). Here, the first notice regarding the pendency of this action was published on *GlobeNewswire*, on August 1, 2014. *See* McCormick Decl., Ex. A. Within 60 days after publication of the notice, any person who is a member of the proposed class may seek to be appointed as lead plaintiff, whether or not they have previously filed a complaint in the action. 15 U.S.C. §§78u-4(a)(3)(A) and (B).

Second, the PSLRA provides that, within 90 days after publication of the notice, the court shall consider any motion made by a class member and shall appoint as lead plaintiff the member or members of the class that the court determines to be most capable of adequately representing the interests of class members. 15 U.S.C. §78u-4(a)(3)(B). In determining the "most adequate plaintiff," the PSLRA provides that:

> [T]he court shall adopt a presumption that the most adequate plaintiff in any private action arising under this [Act] is the person or group of persons that –
>
> (aa) has either filed the complaint or made a motion in response to a notice . . .;
>
> (bb) in the determination of the court, has the largest financial interest in the relief sought by the class; and

>     (cc) otherwise satisfies the requirements of Rule 23 of the
>     Federal Rules of Civil Procedure.

15 U.S.C. §78u-4(a)(3)(B)(iii).

### 2. The Roofers Fund Satisfies the "Lead Plaintiff" Requirements of the Exchange Act

#### a. The Roofers Fund's Motion Is Timely

The Roofers Fund has timely filed this Motion, within 60 days of the August 1, 2014, publication of notice, and has signed and filed a certification evidencing, among other things, its willingness to serve as a representative party on behalf of the class. *See* McCormick., Ex. B. Accordingly, the Roofers Fund has satisfied the individual requirements of 15 U.S.C. §78u-4(a)(3)(B) and is entitled to have its application for appointment as lead plaintiff considered by the Court.

#### b. The Roofers Fund Has the Largest Financial Interest in the Relief Sought by the Class

During the Class Period, the Roofers Fund spent more than $190,328 purchasing 5,806 shares of DreamWorks securities, and suffered losses exceeding $63,521 in connection therewith. *See* McCormick Decl., Ex. C. To the Roofers Fund's knowledge, this represents the largest financial interest in the relief sought by the class. *See* 15 U.S.C. §78u-4(a)(3)(B)(iii)(I).

#### c. The Roofers Fund Satisfies Federal Rule of Civil Procedure Rule 23

In addition to possessing the largest financial interest in the outcome of the litigation, the lead plaintiff must also "otherwise satisf[y] the requirements of Rule 23 of the Federal Rules of Civil Procedure." 15 U.S.C. §78u-4(a)(3)(B)(iii)(I). Rule 23(a) provides that a party may serve as a class representative only if the following four requirements are satisfied:

> (1) the class is so numerous that joinder of all members is impracticable;
>
> (2) there are questions of law or fact common to the class;

- 6 -

973286_1

> (3) the claims or defenses of the representative parties are typical of the claims or defenses of the class; and
>
> (4) the representative parties will fairly and adequately protect the interests of the class.

*Id.*

While the PSLRA dictates that a lead plaintiff meet the requirements of Rule 23(a), "[a]t this stage of the litigation, 'nothing more than a preliminary showing is required' with respect to typicality and adequacy." *Apple v. LJ Int'l, Inc.*, No. CV 07-6076-GAF (JWJx) 2008 U.S. Dist. LEXIS 12618, at *16 (C.D. Cal. Feb. 8, 2008) (Feess, J.) (citation omitted). Consequently, in deciding a motion to serve as lead plaintiff, the court should limit its inquiry to the typicality and adequacy prongs of Rule 23(a), and defer examination of the remaining requirements until the lead plaintiff moves for class certification. *See Cavanaugh*, 306 F.3d at 730.

Rule 23(a)(3) requires that the claims or defenses of the representative parties are typical of those of the class. Typicality exists where the plaintiffs' claims arise from the same event or course of conduct and are based on the same legal theories as the claims of all the class members. *Takeda v. Turbodyne Techs., Inc.*, 67 F. Supp. 2d 1129, 1136-37 (C.D. Cal. 1999) (Morrow, J.). The questions of law and fact common to the members of the class which predominate over questions which may affect individual class members include, among others, the following:

- Whether defendants violated the Exchange Act;
- Whether defendants omitted and/or misrepresented material facts;
- Whether defendants' statements omitted material facts necessary to make the statements made, in light of the circumstances under which they were made, not misleading; and
- Whether defendants knew or recklessly disregarded that their statements were false and misleading.

- 7 -

973286_1

There is a well-defined community of interest in the questions of law and fact involved in this case, of which the Roofers Fund is a part. The Roofers Fund, in concert with the other members of the class, allege that defendants violated the securities laws by publicly disseminating materially false and misleading statements, as well as statements which omitted material facts, about DreamWorks during the Class Period. As a result of defendants' fraudulent representations and omissions, the Roofers Fund, as well as all other members of the class, purchased DreamWorks securities at artificially inflated prices and were damaged thereby. Because the claims asserted by the Roofers Fund are premised on the same legal and remedial theories and are based on the same types of misrepresentations and omissions as the class's claims, typicality is satisfied. *See* 7 Herbert B. Newberg & Alba Conte, *Newberg on Class Actions* §22.24, at 107-08 (4th ed. 2002) ("The majority of class action decisions support the view that when it is alleged that the same unlawful conduct was directed at or affected both the named plaintiff and the class sought to be represented, the typicality requirement is met.").

Under Rule 23(a)(4), a representative party must also "fairly and adequately protect the interests of the class." *Id*. A lead plaintiff is adequate when there exist both "'common interests between the proposed lead plaintiffs and the class, and a willingness on the part of the proposed lead plaintiff[s] to vigorously prosecute the action.'" *Ferrari v. Gisch*, 225 F.R.D. 599, 607 (C.D. Cal. 2004) (Manella, J.) (citation omitted) (alteration in original). The Roofers Fund is an adequate representative. As evidenced by its injuries, the Roofers Fund's interests are clearly aligned with the members of the class who also suffered damages due to defendants' wrongdoing and there is no evidence of any antagonism between the Roofers Fund's interests and those of the other members of the class. Moreover, the Roofers Fund's substantial losses motivate it to pursue this case with vigor and it has retained competent and experienced counsel to assist in this process.

- 8 -

973286_1

### D.  The Court Should Approve the Roofers Fund's Selection of Counsel

The PSLRA vests authority in the lead plaintiff to select and retain counsel to represent the class, subject to court approval. *See* 15 U.S.C. §78u-4(a)(3)(B)(v). The court should not disturb lead plaintiff's choice of counsel unless necessary to "protect the interests of the class." 15 U.S.C. §78u-4(a)(3)(B)(iii)(II)(aa). The Roofers Fund has selected Robbins Geller as lead counsel for the class.

Robbins Geller is a 200-lawyer law firm that is actively engaged in complex litigation, emphasizing securities, consumer, and antitrust class actions. *See Cortese v. Radian Group, Inc.*, No. 07-3375, 2008 U.S. Dist. LEXIS 6958, at *18 (E.D. Pa. Jan. 30, 2008) ("'The firm is comprised of probably the most prominent securities class action attorneys in the country.'") (citation omitted); McCormick Decl., Ex. D. Robbins Geller possesses extensive experience litigating securities class actions and has successfully prosecuted numerous securities fraud class actions on behalf of injured investors, including *In re Cardinal Health, Inc. Sec. Litig.*, 226 F.R.D. 298, 308 (S.D. Ohio 2005) ("the Court finds that [Robbins Geller] will represent deftly the class's interests") and *In re Enron Corp., Sec. Litig.*, 206 F.R.D. 427 (S.D. Tex. 2002). Robbins Geller's securities department includes numerous trial attorneys and many former federal and state prosecutors, and utilizes an extensive group of in-house experts to aid in the prosecution of complex securities issues. *See* McCormick Decl., Ex. D.

Thus, the Court may be assured that in the event this Motion is granted, the members of the class will receive the highest caliber of legal representation available from Robbins Geller. *See Schriver v. Impac Mortg. Holdings, Inc.*, No. SACV 06-31-CJC (RNBx) 2006 U.S. Dist. LEXIS 40607, at *36 (C.D. Cal. May 1, 2006) (Carney, J.) ("There is no real dispute among the movants regarding [Firm's] qualifications to prosecute this action."); *Borochoff v. Glaxosmithkline PLC*, 246 F.R.D. 201, 205 (S.D.N.Y. 2007) (Robbins Geller is "a firm which is well qualified and has

- 9 -

973286_1

successfully served as lead counsel or co-lead counsel in numerous complex securities class actions."). Accordingly, the Court should approve the Roofers Fund's selection of counsel.

**IV. CONCLUSION**

For all the foregoing reasons, the Roofers Fund respectfully requests that the Court: (i) consolidate the Related Actions; (ii) appoint it as Lead Plaintiff; and (iii) approve the Roofers Fund's selection of Robbins Geller as Lead Counsel.

DATED: September 30, 2014

Respectfully submitted,
ROBBINS GELLER RUDMAN
  & DOWD LLP
DARREN J. ROBBINS
TRICIA L. McCORMICK

s/ Tricia L. McCormick
TRICIA L. McCORMICK

650 West Broadway, Suite 1900
San Diego, CA 92101
Telephone: 619/231-1058
619/231-7423 (fax)

[Proposed] Lead Counsel for Plaintiff

SULLIVAN, WARD, ASHER &
PATTON, P.C.
MICHAEL J. ASHER
1000 Maccabees Center
25800 Northwestern Highway
Southfield, MI 48075-1000
Telephone: 248/746-0700
248/746-2760 (fax)

Additional Counsel for Plaintiff

- 10 -

973286_1

<u>CERTIFICATE OF SERVICE</u>

I hereby certify that on September 30, 2014, I authorized the electronic filing of the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the e-mail addresses denoted on the attached Electronic Mail Notice List, and I hereby certify that I caused to be mailed the foregoing document or paper via the United States Postal Service to the non-CM/ECF participants indicated on the attached Manual Notice List.

I certify under penalty of perjury under the laws of the United States of America that the foregoing is true and correct. Executed on September 30, 2014.

       s/ Tricia L. McCormick
       TRICIA L. McCORMICK

ROBBINS GELLER RUDMAN
    & DOWD LLP
655 West Broadway, Suite 1900
San Diego, CA 92101-8498
Telephone: 619/231-1058
619/231-7423 (fax)

E-mail:    triciam@rgrdlaw.com

# Mailing Information for a Case 2:14-cv-06053-SJO-E Charles Paddock v. Dreamworks Animation SKG, Inc. et al

## Electronic Mail Notice List

The following are those who are currently on the list to receive e-mail notices for this case.

- **Patrick V Dahlstrom**
  pdahlstrom@pomlaw.com

- **Lionel Zevi Glancy**
  lglancy@glancylaw.com

- **Michael M Goldberg**
  mmgoldberg@glancylaw.com,dmacdiarmid@glancylaw.com,info@glancylaw.com

- **Jeremy A Lieberman**
  jalieberman@pomlaw.com

- **Francis P McConville**
  fmcconville@pomlaw.com

- **Robert Vincent Prongay**
  rprongay@glancylaw.com,info@glancylaw.com,echang@glancylaw.com

## Manual Notice List

The following is the list of attorneys who are **not** on the list to receive e-mail notices for this case (who therefore require manual noticing). You may wish to use your mouse to select and copy this list into your word processing program in order to create notices or labels for these recipients.

- `(No manual recipients)`