FILED

FEB 17 2017

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| ROOFERS LOCAL NO. 149 PENSION FUND, individually and on behalf of all others similarly situated,<br><br>Plaintiff-Appellant,<br><br>v.<br><br>DREAMWORKS ANIMATION SKG, INC.; JEFFREY KATZENBERG; LEWIS W. COLEMAN,<br><br>Defendants-Appellees. | No. 15-55945<br><br>D.C. No. 2:14-cv-06053-SJO-E<br><br>MEMORANDUM[*] |

Appeal from the United States District Court
for the Central District of California
S. James Otero, District Judge, Presiding

Argued and Submitted February 8, 2017
Pasadena, California

Before: GRABER, BYBEE, and CHRISTEN, Circuit Judges.

Plaintiff Roofers Local No. 149 Pension Fund appeals the judgment dismissing the complaint for failure to state a claim. In this putative class action, Plaintiff alleges that Defendants DreamWorks Animation SKG, Inc., Jeffrey

---

[*] This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

Katzenberg, and Lewis W. Coleman made false or misleading statements concerning the ultimate profitability of the animated movie Turbo during their announcements of second- and third-quarter financial results in 2013. Plaintiff alleges that those statements artificially inflated the stock price of DreamWorks at a time when Plaintiff bought stock. Plaintiff sued Defendants under § 10(b) of the Securities Exchange Act of 1934 and Securities and Exchange Commission ("SEC") Rule 10b-5, and sued the individual Defendants under § 20(a) of the Securities Exchange Act.

"We review a dismissal for failure to state a claim *de novo*, accepting all well-pleaded allegations as true. Securities fraud claims must satisfy the exacting pleading standards of Federal Rule of Civil Procedure 9(b) and the Private Securities Litigation Reform Act (PSLRA)." Lloyd v. CVB Fin. Corp., 811 F.3d 1200, 1205 (9th Cir. 2016) (citation and internal quotation marks omitted). We affirm because Plaintiff has not adequately pleaded two essential elements of a claim for securities fraud under § 10(b) and Rule 10b-5.

    1. First, Plaintiff does not allege materially false or misleading statements. Assessing the alleged misstatements made in July and October of 2013, in the context of the "SEC filings incorporated by reference in the complaint," Ronconi v. Larkin, 253 F.3d 423, 427 (9th Cir. 2001), we conclude that Defendants provided

accurate information about the movie's challenges and that any predictions of profitability were accompanied by adequate caveats distinguishing this film from prior releases. The allegations in the complaint do not establish that Defendants had "no reasonable basis for the belief" that Turbo could be profitable. Reese v. Malone, 747 F.3d 557, 579 (9th Cir. 2014) (internal quotation marks omitted).

    2. Second, Plaintiff does not allege loss causation. The complaint asserts that the truth about Defendants' accounting fraud was revealed at two different times: first, when they announced a write-down on Turbo in February 2014, after which the stock price dropped; and in July 2014, when Defendants announced that Turbo was unlikely to be profitable and that the SEC had launched an investigation into Turbo's accounting, after which the stock price dropped again.

    As to the statement in February 2014, we have "reject[ed] th[e] assertion" "that [plaintiffs] should be able to prove loss causation by showing that the market reacted to the purported 'impact' of the alleged fraud—the earnings miss—rather than to the fraudulent acts themselves." In re Oracle Corp. Sec. Litig., 627 F.3d 376, 392 (9th Cir. 2010). Plaintiff does not adequately allege that the write-down and resulting stock decline resulted from a revelation of fraud, rather than from investors' disappointment.

With respect to the announcement of an SEC investigation in July 2014, we have previously explained that "the announcement of an investigation, standing alone and without any subsequent disclosure of actual wrongdoing, does not reveal to the market the pertinent truth of anything." Loos v. Immersion Corp., 762 F.3d 880, 890 n.3 (9th Cir. 2014) (internal quotation marks omitted).  The parties do not dispute that the SEC ended its investigation without taking enforcement action against Defendants.  Accordingly, Plaintiff also has not alleged loss causation.

    3.  There is no "control person" liability under § 20(a) because Plaintiff has not "adequately alleged violations of section 10(b) and Rule 10b-5." Or. Pub. Emps. Ret. Fund v. Apollo Grp. Inc., 774 F.3d 598, 610 (9th Cir. 2014). Therefore, we affirm the dismissal of this claim as well.

    **AFFIRMED.**